UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE FORD MOTOR COMPANY            MDL No. 95-1044
EMPLOYMENT PRACTICES LITIGATION
_____/     HON. BERNARD A. FRIEDMAN

**<u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
FORD MOTOR COMPANY'S MOTION TO ENFORCE ITS
SETTLEMENT AGREEMENT WITH JUDY TABRON</u>**

This matter is presently before the court on the motion of Ford Motor Company (Ford) to enforce its settlement agreement with Judy Tabron. Ms. Tabron has filed a response brief and Ford has filed a reply. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

The exhibits attached to Ford's motion demonstrate that the parties reached agreement, through their respective attorneys, to settle Ms. Tabron's claims against Ford for the amount of $200,000. The agreement is documented in email correspondence. Ford has cited persuasive case authority for the proposition that an attorney has apparent authority to settle on a client's behalf, and that the opposing party may rely on that apparent authority. *See Anderson v. Int'l Union, United Plant Guard* Workers, 150 F.3d 590 (6th Cir. 1998); *Capital Dredge and Dock Corp. v. City of Detroit*, 800 F.2d 525 (6th Cir. 1986).

Ms. Tabron, who is now representing herself, objects to certain paragraphs of the settlement agreement on the grounds that her attorney agreed only to the $200,000, but not to "the 'terms' and 'riders' of the alleged agreement." However, the so-called "terms and riders" of the written agreement are, with one exception, standard settlement terms, which are part of the essence of any settlement agreement and are subsumed within plaintiff's agreement to accept a cash payment

to settle her claims. For example, plaintiff must agree that her claims against Ford will be dismissed with prejudice (¶ 2(b)); that she will not file any other complaints or lawsuits against Ford (¶¶ 3, 5, 6); that Ford does not admit liability (¶ 4); and that she releases Ford from liability (¶ 6). Even if plaintiff, through her attorney, did not specifically agree to these terms, they are standard, implied terms and the court shall enforce them.

Plaintiff also objects to ¶ 8 of the settlement agreement which is a confidentiality provision. This provision, while commonly included in settlement agreements, is not necessarily implied and must be specifically negotiated. Since the email correspondence between the attorneys says nothing about a confidentiality provision, the court shall not enforce this paragraph. Accordingly,

IT IS ORDERED that Ford's motion to enforce its settlement agreement with Judy Tabron is granted in part and denied in part as follows: The agreement, as memorialized in the written Settlement Agreement and Release attached to Ford's motion as Exhibit M, is enforced in its entirety except ¶ 8, which is not enforced.


_____s/Bernard A. Friedman_____  
Dated: June 14, 2005             BERNARD A. FRIEDMAN  
    Detroit, Michigan              CHIEF UNITED STATES DISTRICT JUDGE


Copies: Counsel of record